```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

                                 )
LUCIA HOGAN, et al.              )
                                 )
     Plaintiffs,                 )
                                 )
          v.                     )    01:08cv250 (JCC)
                                 )
FAIRFAX COUNTY SCHOOL BOARD,     )
                                 )
     Defendant.                  )
                                 )
```

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter is before the Court on Lucia Hogan and William Hogan's (Plaintiffs) Motion to Bifurcate.  For the following reasons, the Court will deny the motion.

### I. Background

Plaintiffs complained that the Fairfax County School Board (Defendant) failed to provide a free, appropriate public education to Plaintiff Lucia Hogan (Lucy), who suffers from various learning disabilities.  This alleged violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, was addressed by a Virginia administrative hearing officer on December 17, 2007.  The hearing officer found that: (1) Defendant failed to provide Lucy with a free appropriate public education during the 2005-2006 school year; (2) Plaintiffs incurred $28,079.52 in expenses because of this failure; and, (3) Plaintiff William Hogan acted unreasonably.  The officer awarded

Plaintiffs $18,719.68 in reimbursement, a one-third reduction based on its finding that Mr. Hogan acted unreasonably.  It declined to award compensatory services because Defendant developed an individualized education program (IEP) in March 2004 and because Mr. Hogan acted unreasonably.

Plaintiffs filed a complaint on March 14, 2008 (Complaint) alleging three counts : Count I (for review of the hearing officer's decision on reimbursement),  Count II (for review of the hearing officer's decision on compensatory education), and Count III (for attorney's fees and costs incurred in the administrative hearing and in this proceeding).  Plaintiffs filed a Motion to Bifurcate Count III from Counts I and II on October 29, 2008.  Defendant opposed this motion on November 10, 2008.  This matter is currently before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third party claims."  Bifurcation under Rule 42(b) is within the sound discretion of the trial court. *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953).  The party requesting separate trials bears the burden of showing that bifurcation would "(1) promote greater convenience to the parties, witnesses, jurors, and the court, (2)

be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

### III.  Analysis

Plaintiffs assert that the Court should bifurcate Count III from Counts I and II because the resolution of the claim for attorney's fees and costs is dependent on the resolution of the other claims.  *See* 20 U.S.C. § 1415(i)(3)(B)(i).  Thus, addressing all claims at the same time wastes judicial time and resources.  In addition, Plaintiffs submit that, should they prevail on Counts I and II, they intend to seek reimbursement of attorney's fees and costs incurred in this proceeding.  Because experts and evidence will be required to determine the proper amount of attorney's fees incurred before the hearing officer and in this proceeding, the Court would have to hear duplicative evidence in the absence of bifurcation.

Defendant argues that bifurcation is not appropriate because the issues presented are not complex and because bifurcation would result in duplicative proceedings.  According to Defendant, the Complaint involves one substantive claim for a single school year for a single student, all the necessary facts have been disclosed, and Plaintiffs have calculated the attorney's fees they incurred below, *see* Compl. at ¶¶ 56-61.  Defendant also submits that the same evidence is involved in all

of Plaintiffs' claims because the amount of attorney's fees should depend on Plaintiffs' degree of success on the merits. Finally, Defendant argues that the mere possibility that Plaintiffs will be successful on the merits and will file a supplemental request for attorney's fees incurred during this proceeding does not justify the delay that bifurcation would cause.

The Court notes that Rule 42(b) is permissive, rather than mandatory, and provides for when a court *may* order separate trials, not when it *must*.  In this case, the Court finds that the potential savings of judicial resources gained by bifurcating would be small, perhaps negative.  Separate proceedings would only further judicial economy if Plaintiffs prevail on the merits, in which case the Court would need to revise the amount of attorney's fees based on their degree of success and to include fees incurred in the current proceeding.  The Court, however, finds that it will be able to simultaneously decide the merits and perform a mathematical calculation of attorney's fees. In addition, because there will likely be some overlap of evidence in presenting and defending the three claims, severance would lead to duplicative proceedings, undercutting the interests of judicial economy.

**IV.  Conclusion**

  For these reasons, the Court will deny Plaintiff's Motion to Bifurcate.

  An appropriate Order will issue.

November 13, 2008           _____/s/_____
Alexandria, Virginia            James C. Cacheris
                  UNITED STATES DISTRICT COURT JUDGE